## STEPHENSON v. COMMISSIONER OF INTERNAL REVENUE.

No. 7580.

Circuit Court of Appeals, Sixth Circuit.

Jan. 11, 1939.

34

Wm. J. Murray, of Detroit, Mich. (Wm. J. Murray, of Detroit, Mich., on the brief), for petitioner.

W. F. Wattles, of Washington, D. C. (James W. Morris, J. Louis Monarch, and S. Dee Hanson, all of Washington, D. C., on the brief), for respondent.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The petitioner challenged before the Board of Tax Appeals a deficiency determined by the Commissioner in his income tax return for 1929. The deficiency resulted from the disallowance by the respondent of a deduction for losses sustained in 1928 on stock of real estate corporations which had become worthless. While conceding that the losses had been sustained, the respondent determined that they were not attributable to the operation of a trade or business regularly carried on by the taxpayer, and so not to be deducted from total gross income under the provisions of § 117(a) (1) of the Revenue Act of 1928, 26 U.S.C.A. § 117 note, which provides:

"Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall be allowed only to the extent of the amount of the gross income not derived from such trade or business;"

A subsidiary issue involves surrender of shares in a corporation from which the petitioner had borrowed money and concurrent cancellation by the corporation of his indebtedness. The petitioner contended that the cancellation of the indebtedness was the distribution of a taxable dividend while the respondent treated the transaction as a sale of the stock with the excess over cost taxable as realized gain. The Board of Tax Appeals denied relief upon the first ground. It rendered no decision upon the second issue, and it is conceded that it need not be decided unless the petitioner now prevails.

The petitioner's business was the selling of real estate, the title of which was in corporations he had organized and with which he had commission contracts. He operated on a large scale, first in and around Detroit, Michigan, and later in Florida. He had established a large sales organization, collection, insurance, building, and subdivision improvement departments, and employed his own attorney and surveyor. It was his plan to sell only properties of the corporations organized by him, for which he purchased the acreage and prepared plans for its subdividing, improvement and sale. He was a substantial stockholder in each of the companies, though generally without a controlling interest in them. While he was the active manager of the smaller corporations, the larger ones had active Boards of Directors. The petitioner advertised the properties in his own name and executed contracts and deeds as an officer of the several companies.

In 1925 and 1926 the petitioner organized two corporations, The Stephenson Securities, Inc., and The Marina Land Company, which through the petitioner's activities acquired and developed Florida subdivision acreage. He invested $50,000 in stock of Stephenson Securities, Inc., and $120,000 in stock of The Marina Land Company. With the collapse of the Florida boom his shares became worthless, and in 1928 he sustained a loss thereon of $170,-000. If this loss is attributable to the operation of a trade or business regularly carried on by the petitioner he sustained a net loss of $74,193.70, and could under § 117(b) of the Revenue Act of 1928 claim such net loss as a deduction in computing his income for the succeeding taxable year, which he did.

The Board of Tax Appeals found from the evidence that the petitioner was not engaged in the business of buying and selling corporate shares or securities; that the trade or business which he regularly carried on was that of a real estate agent selling lots owned by the corporations in whose stocks he with others had invested. It concluded that there was no evidence to establish his loss due to the worthlessness of his stock holdings as attributable to the operation of a trade or business regularly carried on by him. Its findings and conclusions are challenged on the ground that the organization of the corporations by the petitioner, his investments in their shares,

and his activities in their management, were all necessary elements of his unitary plan for the marketing of the properties, and each activity a phase of the real estate business regularly carried on by him.

The circumstances here disclosed differ in no essential respect from those adjudicated in Dalton v. Bowers, 287 U.S. 404, 53 S.Ct. 205, 77 L.Ed. 389; Burnet v. Clark, 287 U.S. 410, 53 S.Ct. 207, 77 L.Ed. 397; Gruver v. Helvering, 63 App.D.C. 126, 70 F.2d 292; Van Dyke v. Com'r of Internal Revenue, 63 F.2d 1020, affirmed Van Dyke v. Helvering, 291 U.S. 642, 54 S.Ct. 437, 78 L.Ed. 1040. See also Jeffery v. Commissioner, 6 Cir., 62 F.2d 661. The corporations were not the agents of the taxpayer. His relations to them were the same as were those of other stockholders, and his business arrangements with them for the sale of their properties repels any inference that he was engaged in the corporate securities business. In Dalton v. Bowers, supra, it was said [page 206], "Dalton was not regularly engaged in the business of buying and selling corporate stocks." In Burnet v. Clark, supra, it was said [page 208], "He [Clark] was not regularly engaged in endorsing notes, or buying and selling securities. The unfortunate endorsements were no part of his ordinary business, but occasional transactions intended to preserve the value of his investment in capital shares." What was said of the taxpayer's activities in the cited references may be said with equal pertinency here.

The decision of the Board of Tax Appeals is affirmed.