**LAZIER v. UNITED STATES et al.**
Civ. 1474.

District Court, D. North Dakota, N. W. D.
Jan. 22, 1948.

242

amount of $15,157.65 and had and sustained a loss and deficiency in his income tax net income for said year in the sum and amount of $15,422.03 and in his Victory Tax net Income in the amount and sum of $15,546.17; that said loss and deficiency arose from the sale of Farm lands and Farm Machinery owned and possessed and operated by the plaintiff during the year 1943, and not from the sale of Capital Assets as defined by the Internal Revenue laws of the United States, and particularly Section 117 of the Internal Revenue Code * * *."

The defendants have answered with what amounts to a general denial except as to certain admissions regarding the identity of parties and the payment of tax for certain years and a specific denial of plaintiff's alleged operating loss for the year of 1943. Plaintiff subsequently made a belated demand for a jury trial which is resisted by the defendants. Thereafter, plaintiff filed a motion for summary judgment. Defendants moved that plaintiff be required to elect as between the two defendants against whom he had originally proceeded, it being the defendants' theory that the United States could not be joined with any other party defendant without its consent. Defendants also made a motion to dismiss the complaint upon the grounds that it failed to state a claim upon which relief could be granted or, in the alternative, for judgment on the pleadings.

Paul Campbell, of Minot, N. D., for plaintiff.

P. W. Lanier, U. S. Atty., of Fargo, N. D., for defendants.

VOGEL, District Judge.

This is a suit brought by the plaintiff against the United States of America and H. H. Perry, Collector of Internal Revenue, defendants. Plaintiff seeks to recover the sum of $856.33 income taxes paid by him for the years 1941, 1942 and 1943. The gist of the complaint is that the plaintiff "was engaged in the business of Farming, and the raising, growing and marketing of Grain and other products of Agriculture, in upon sundry pieces and parcels of Farm lands, then and there owned and possessed by plaintiff, and upon other lands," and that during the calendar year of 1943 "the plaintiff in and about his said Farming Operations and Business suffered and sustained a loss in the amount and sum of $18,316.99, including a Net Operating Loss as defined by Section 122 of the Internal Revenue Code [26 U.S.C.A. Int.Rev.Code, § 122], of the United States in the sum and

The matters were argued at some length and various briefs on the several questions before the Court were submitted by respective counsel. From the record now before the Court, the facts appear as follows:

The plaintiff is a farmer engaged in the business of farming and the raising and growing and marketing of grains and other products of agriculture on farm lands owned by him and upon other lands. During the tax year of 1943, he sustained a loss through the sale of farm lands and farm machinery owned and operated by him. Plaintiff was not a real estate agent engaged in the selling of farm lands. (Note line 16, page 13 of plaintiff's reply brief.) He seeks to have the loss, sustained through the sale of farm lands and farm machinery, designated as an operating loss and thus

charged back against amounts paid by him as income taxes for preceding years.

As plaintiff's counsel states, and I believe correctly so, the main question in the case is whether or not a loss sustained by the plaintiff as a result of the sale of farm lands and farm machinery owned and operated by him is an operating loss as contemplated by the statute, and accordingly chargeable back against taxes paid in prior years, the plaintiff being in the business of farming and not in the business of buying and selling farm property or farm machinery. Plaintiff's counsel has stated that he is able to find no case decided by the courts or by the Board of Tax Appeals in which "net operating loss" is used as applying to a farmer's loss arising out of a sale or exchange of farms and farm machinery.

Cases cited by the Government are, as pointed out by counsel for the plaintiff, interpretations of other and older tax statutes. See Dalton v. Bowers, 287 U.S. 404, 53 S.Ct. 205, 77 L.Ed. 389. In that case, the taxpayer was an inventor. He organized a corporation for the purpose of manufacturing and marketing his patented products. The corporation failed and he sustained a loss therein. It was held that the taxpayer's loss for the amounts he had paid for stock in the corporation, as well as bad debts due to him from the corporation, were not attributable to the operation of the taxpayer's inventing business and therefore could not be considered operating losses. See also Stephenson v. Commissioner of Internal Revenue, 6 Cir., 101 F.2d 33.

In the instant case, the plaintiff is a farmer, and during the years in question was engaged in the operation of farms and the growing and marketing of products therefrom. He was in no sense engaged in the real estate business or in the buying and selling of farm machinery as a business. If, for example, the plaintiff had realized a profit through the sale of his farm or farm machinery, certainly such profit would not be considered as an operating profit. The converse should be true. Accordingly, it seems to me that loss from the sale of the farms themselves could not be properly termed or classified as an operating loss. If the plaintiff had been a real estate dealer engaged in the business of buying and selling farm lands, the classification would be otherwise. Accordingly, plaintiff's complaint fails to recite a cause of action upon which relief can be granted and the Government's motion to dismiss should be granted.

Because of the foregoing, it may be unnecessary to determine any other question. Nevertheless, it strikes me that on one question comment would not be improper.

With regard to the defendants' motion that the plaintiff elect as to the defendants, it seems to the Court perfectly clear that the United States may not be sued without its consent, and then only upon the conditions prescribed. No statute authorizing joinder of a defendant with the United States has been cited to me and I find none. In the case of United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 770, 85 L.Ed. 1058, the Supreme Court has stated:

"* * * if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court, * * * or if its maintenance against private parties is prerequisite to prosecution of the suit against the United States the suit must be dismissed. * * *" See also Lynn v. United States, 5 Cir., 110 F.2d 586, 589.

Inasmuch as the suit against the defendant Perry is not a prerequisite to prosecution of the suit as against the United States, the Court might ignore the inclusion of Perry as a defendant. Were the case to proceed to trial, however, the Court, rather than ignoring the defendant Perry, would order the plaintiff to elect as between the defendants because of the fact that the plaintiff has made a demand for a jury trial. If the case were against the United States alone, the plaintiff would not be entitled to a jury, whereas the situation might be different if the suit were against the defendant Perry only and if the demand for a jury trial had been timely made. Further comment thereon seems unnecessary.

In accordance with the foregoing, the plaintiff's suit will be dismissed. Plaintiff may have twenty days from the date hereof within which to file an amended pleading, provided he desires to do so. It will be so ordered.