JOSEPH SIC, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12367. Promulgated June 10, 1948.

*Philip G. Johnson, C. P. A.*, for the petitioner.
*Frank M. Cavanaugh, Esq.*, for the respondent.

\* \* \* \* \* \* \*

OPINION.

LEECH, *Judge*: Respondent has determined a deficiency in income tax for the calendar year 1943 in the amount of $1,793.67. The question presented is whether the petitioner, as the result of the sale of a part of his farm property in 1942, incurred a net operating loss "attributable to the operation of a trade or business regularly carried on" by him within section 122 (d) (5) of the Internal Revenue Code. The proceeding was submitted upon a stipulation of facts, reading as follows:

1. The petitioner is an individual, a retired farmer, with residence at 1729 North Colson Avenue, Fremont, Nebraska. The return for the year here involved was filed with the Collector at Omaha, Nebraska.

2. During the calendar years 1942 and 1943, and at all times material hereto, petitioner lived on a farm and was engaged in the occupation of farming.

3. In 1919, petitioner purchased an unimproved farm located near his home place, and from 1919 until 1942 petitioner retained possession and individually cultivated said farm in the course of his activities as a farmer.

4. On January 7, 1942, petitioner sold said unimproved farm, resulting in a loss of $15,300 from the sale of the farm.

5. Petitioner's net income, exclusive of any net operating loss deduction allowance for the years 1941 to 1943, was as follows:

| | |
|---|---|
| 1941 income | $2,240.00 |
| 1942 loss | 5,636.93 |
| 1943 income | 10,403.66 |

6. The net loss for the year 1942 was made up of the following items:

| | |
|---|---|
| Loss from sale of farm | $15,300.00 |
| Personal taxes | 32.00 |
| | $15,332.00 |
| Less—Net income from farming | 9,695.07 |
| | $5,636.93 |

7. The net incomes shown in paragraph 5 for the years 1941 and 1943 represent net income from farming only.

8. If this Court should decide that the loss of $15,300 from the sale of the farm in 1942 was under Section 122 (d) (5) of the Internal Revenue Code a net operating loss "attributable to the operation of a trade or business regularly carried on by the taxpayer," then petitioner is entitled to a net operating loss deduction in the year 1943 of $3,364.93.

The narrow issue presented is whether any part of the loss sustained by the petitioner in 1942, from the sale of a portion of "unimproved" farm land, is to be allowed in computing the "net operating loss" carry-over to the taxable year 1943.

Section 122 of the code, as amended,[1] defines "net operating losses" and prescribes how the net operating loss for the purposes of a carry-over to the succeeding year shall be computed. The respondent con-

---

[1] SEC. 122. NET OPERATING LOSS DEDUCTION.

(a) DEFINITION OF NET OPERATING LOSS.—As used in this section, the term "net operating loss" means the excess of the deductions allowed by this chapter [Chapter 1—

tends that the loss in question was "not attributable to the operation of a trade or business regularly carried on" and, therefore, it is subject to the limitations contained in section 122 (d) (5).

It is stipulated that the petitioner was regularly engaged in the business of farming and that the real estate sold was a part of the land which the petitioner farmed.[2]  Petitioner contends that, since the land sold was devoted solely to the business of farming, the loss was attributable to the operations of that business and section 122 (d) (5) has no application.  That section does not materially differ from the language contained in section 206 of the Revenue Act of 1924.[3]  In *Dalton* v. *Bowers*, 287 U. S. 404, the Supreme Court construed the clause "attributable to the operation of a trade or business regularly carried on," as used in the latter section, with respect to a net loss carryover.  The Court, quoting the Circuit Court, there said:

> By the statute allowing the deductions and carrying over the loss for two years Congress intended to give relief to persons engaged in an established business for losses incurred during a year of depression in order to equalize taxation in the two succeeding and more profitable years.  It was not intended to apply to occasional or isolated losses.

The stipulated facts do not indicate, and the petitioner makes no contention, that he was engaged in buying, selling, or otherwise deal-

---

Income Tax] over the gross income, with the exceptions, additions, and limitations provided in subsection (d).

\* \* \* \* \* \* \*

(d) EXCEPTIONS, ADDITIONS, AND LIMITATIONS.—The exceptions, additions, and limitations referred to in subsections (a), (b), and (c) shall be as follows:

(1) The deduction for depletion shall not exceed the amount which would be allowable if computed without reference to discovery value or to percentage depletion under section 114 (b) (2), (3), or (4);

(2) There shall be included in computing gross income the amount of interest received which is wholly exempt from the taxes imposed by this chapter, decreased by the amount of interest paid or accrued which is not allowed as a deduction by section 23 (b), relating to interest on indebtedness incurred or continued to purchase or carry certain tax-exempt obligations;

(3) No net operating loss deduction shall be allowed;

(4) Gains and losses from sales or exchanges of capital assets shall be taken into account without regard to the provisions of section 117 (b).  As so computed the amount deductible on account of such losses shall not exceed the amount includible on account of such gains.

(5) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall (in the case of a taxpayer other than a corporation) be allowed only to the extent of the amount of the gross income not derived from such trade or business.  For the purposes of this paragraph deductions and gross income shall be computed with the exceptions, additions, and limitations specified in paragraphs (1) to (4) of this subsection.

\* \* \* \* \* \* \*

[2] From the opening statements of the respective counsel at the hearing, it seems apparent that "unimproved," as used in the stipulation in connection with the land immediately involved in the submitted issue, means merely that no buildings were located thereon.

[3] SEC. 206. As used in this section the term "net loss" means the excess of the deductions allowed by section 214 or 234 over the gross income, with the following exceptions and limitations:

(1) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall be allowed only to the extent of the amount of the gross income not derived from such trade or business;

\* \* \* \* \* \* \*

ing in real estate. The loss undoubtedly arose because the petitioner chose to sell a part of his farm land as an isolated transaction. Accordingly, the loss did not arise from the operations of the farming business which he "regularly carried on."

In the recent case of *Joseph L. Merrill*, 9 T. C. 291 (on appeal to the Second Circuit), we considered the application of section 122 (d) (5) of the code. In that case, Merrill, a general partner in a New York limited partnership which was engaged in the business of buying and selling securities, disposed of his interest in such partnership and during the remainder of the year in which he retired from the partnership he engaged in the business of buying and selling securities on his own account. We said:

> Having concluded the transaction was a transfer of petitioner's interest in the partnership to the remaining partners, it is necessary to determine the extent to which the loss resulting therefrom is a net operating loss within the limitations prescribed in subsection (d) (5) of section 122 of the code. Obviously, such transaction was not a part of the business of the partnership, and, so far as is revealed here, petitioner was not engaged in the business of buying and selling partnership interests. * * *

The respondent contends the rationale of the *Merrill* case, *supra*, is applicable and controlling here. We agree. The loss in question results from the sale of land and, although the land was used in the business of farming, its sale was an isolated transaction and outside the business of farming which petitioner "regularly carried on." [4] Since it appears from the stipulated facts that the petitioner's only income was from his farming operations, no part of the loss is subject to carry-over into the taxable year 1943, under section 122 (d) (5) of the Internal Revenue Code.

Since certain of the adjustments by the respondent in determining the deficiency are not contested,

*Decision will be entered under Rule 50.*

Reviewed by the Court.

---

[4] See *Lazier* v. *United States* (Dist. Ct., Dist. N. Dak.), 77 Fed. Supp. 241.