Milton H. Pettit and Lena Winn Pettit v. Commissioner.
Milton H. Pettit & Lena Winn Pettit v. Commissioner
Docket No. 12650.
United States Tax Court
1948 Tax Ct. Memo LEXIS 166; 7 T.C.M. (CCH) 357; T.C.M. (RIA) 48106; June 10, 1948
*166 In 1942 petitioner sustained a loss from the sale of land, buildings, and equipment which he had used for the production and sale of citrus fruits since 1931. Held, the loss resulting from the sale of the property may not be carried over and used as a deduction in determining petitioner's 1943 tax liability. Joseph Sic, 10 T.C. 1096, followed. H. M. Voorhis, Esq., for the petitioners. Homer F. Benson, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding involves an income and victory tax deficiency of $4,919.98 for the taxable year ended December 31, 1943. The sole question is whether a loss sustained from the sale in 1942 of real estate used by the petitioner in growing and marketing citrus fruits is deductible as a net operating loss carry-over for 1943. Findings of Fact Milton H. Pettit, hereinafter referred to as petitioner, and his wife, Lena Winn Pettit, are residents of Cocoa, Florida. They filed a joint individual income and victory tax return for the taxable year here involved with the collector of internal revenue for the State of Florida. In 1931, petitioner purchased an 80-acre ranch near *167 San Diego, California, on which was located an orange grove of approximately 4,000 trees covering an area of 50 acres. Petitioner moved onto the land at or about the time of purchase and operated the property during the period of his ownership. At no time during the ownership of the property did petitioner regularly carry on the business of buying and selling real estate. Subsequent to the purchase, an agent of the Internal Revenue Department in San Diego participated in the setting up of petitioner's books, breaking down the cost of the property as follows: Item
Cost
Cost of land
$41,550.00
Ranch buildings
5,991.19
Reservoir and Pipe
8,230.24
Pump equipment
1,345.50
Water wells
4,099.92
Citrus trees
21,005.40
Farm machinery
2,608.55
Dwelling house
12,000.00
Total
$96,830.80 These figures were used for the purpose of determining depreciation and profit and loss. After living at the ranch until the fall of 1933, petitioner left California for a period of approximately four years, during which time he served with the National Recovery Administration and the Agricultural Adjustment Administration in Washington, D.C., and also as president of the *168 Oliver Farm Equipment Company in Chicago, Illinois. He then returned to the ranch where he remained until 1939, at which time he went to Florida where he has since retained his legal residence. In May, 1940, petitioner returned to Washington, D.C., to offer his services in the defense program and thereafter served in the War Department until the termination of the war. In 1942, petitioner sold the ranch for $27,545.84. In their joint individual income tax return for 1942, petitioner and his wife reported a loss of $42,456.61 arising from the sale of the land, buildings, and equipment used in the citrus fruit production. This amount represented the difference between the basis, less depreciation, of $70,002.45 and the net sales proceeds of $27,545.84. The parties paid no income tax for 1942, reporting a net loss of $27,023.90. Petitioner in his income tax return for 1941 reported a net income of $4,264.11. In 1944, the respondent permitted petitioner to carry back $4,264.11 of the 1942 net loss, to eliminate the 1941 tax liability, granting a refund of the tax paid. In their 1943 joint return, petitioner and his wife reported gross income of $16,865.27, but claimed the remaining *169 $22,759.79 of the 1942 net loss as a carry-over, thus paying no tax. On September 20, 1946, respondent sent a deficiency notice to petitioner and his wife, disallowing the claimed loss of $22,759.79 for the following reason: "It has been determined that no net operating loss carry-over is allowable. The loss sustained in 1942 from sale of a ranch has been determined to be an ordinary loss and not subject to the provisions covering the net operating loss carry-over." Opinion ARUNDELL, Judge: Petitioner was engaged in the business of producing and selling citrus fruits and was not a dealer in real estate. Because the loss in question was derived from the ultimate sale of the entire property and did not arise from the marketing of citrus fruits, the determination by the respondent is approved. Joseph Sic, 10 T.C. 1096, No. 139; Joseph L. Merrill, 9 T.C. 291; Lazier v. United States, 77 F. Supp. 241 (D.C.N. Dak. Jan. 22, 1948). See I.T. 3711, 1945 C.B. 162. Dalton v. Bowers, 287 U.S. 404. Decision will be entered for the respondent.