J. G. Blackman v. Commissioner.
J. G. Blackman v. Commissioner
Docket No. 16103.
United States Tax Court
1948 Tax Ct. Memo LEXIS 93; 7 T.C.M. (CCH) 661; T.C.M. (RIA) 48180; September 15, 1948
John D. Kelley, Esq., Gulf Bldg., Houston, Tex., for the petitioner. John P. Higgins, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $14,470.13 in income tax for the calendar year 1943. The previous year is also involved because of the forgiveness feature of the law. The only issue is whether the petitioner is entitled to a net operating loss carry-over from 1941 under section 122, I.R.C. The facts have been stipulated. [The Facts] The petitioner filed his individual income tax returns for 1942 and 1943 with the collector of internal revenue for the first district of Texas. He was engaged in the ranching business. He entered into an oral partnership agreement with J. B. Hamilton in March 1938 under which he *94 agreed to contribute money to and was to have a one-third interest in a partnership to be known as West Texas Mortgage Company. Hamilton was to conduct the business and own the other two-thirds. The petitioner contributed $51,000 to the partnership. Thereafter, Hamilton urged a change in the partnership business to which the petitioner would not agree. They then agreed to dissolve the partnership. Their agreement dated October 28, 1938, provided that Hamilton was to pay $51,000 to the petitioner and the petitioner accepted that amount "in full for any monies now owing to him by the partnership as well as payment in full for his one-third interest in the partnership." Hamilton, on that same day, gave the petitioner his judgment note for $51,000 payable in 30 days with interest at 8 per cent. No payments were ever made on the note. The petitioner employer an attorney in 1941 who filed suit against Hamilton in an unsuccessful effort to collect on the note. The petitioner filed an amended return for 1941 showing a net loss of $37,012.70 after deducting the $51,000 as a bad debt. He claimed the $37,012.70 as a net loss carry-over to wipe out income shown on his amended return *95 for 1942 and he claimed the balance of $25,031.70 as a net loss carry-over on his return for 1943. The Commissioner, in determining the deficiency for 1943, disallowed the carry-over for 1942 and 1943. He explained in regard to 1943 that "The loss sustained in 1941 was from a non-business bad debt and therefore not allowable in computing net operating loss carry-over within the meaning of section 122 of the Internal Revenue Code." [Opinion] The parties have stipulated the taxable income for 1942 and 1943 without allowance for the carry-over. The petitioner shared no loss from the operation of the partnership. It does not appear that the partnership had any operating loss. Hamilton, in 1938, agreed to repay the petitioner in full for all of his contributions to the partnership. The $51,000 was the amount the petitioner was entitled to receive upon the dissolution of the partnership, but it was never paid. It can be regarded for present purposes as a bad debt in 1941 but it was not an operating loss from any business carried on by the petitioner. Several cases not distinguishable from this one on the facts have been decided against the taxpayer because *96 the loss was not sustained in the operation of any business. Joseph L. Merrill, 9 T.C. 291; Joseph Sic, 10 T.C. 1096; (June 10, 1948); Lazier v. United States, 77 Fed. Supp. 241; Foreman v. Harrison, 79 Fed. Supp. 987, (Dist. Ct. No. Dist. of Ill., June 1, 1948). Decision will be entered for the respondent.