Nationiel Orens and Theresa Orens v. Commissioner.
Orens v. Commissioner
Docket Nos. 20088, 20089.
United States Tax Court
1950 Tax Ct. Memo LEXIS 282; 9 T.C.M. (CCH) 86; T.C.M. (RIA) 50030; February 6, 1950
*282 Respondent correctly disallowed deduction for net operating loss. Joseph Sic, 10 T.C. 1096, followed. Lincoln Orens, Esq., 19 Rector St., New York 6, N. Y., for the petitioners. Stephen P. Cadden, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined deficiencies in income and victory taxes for the calendar years 1943 and 1944 in the amounts of $3,516.45 and $2,957.90, respectively, consequent on his disallowance of a net operating loss carry-over predicated on certain losses sustained on the sale of certain properties in 1942. Findings of Fact The parties filed a stipulation of all the facts in substantially the following form: On November 9, 1925, petitioner, Theresa Orens, purchased the real property, consisting of land and building, known as 80 East Walnut Street, City of Long Beach, Nassau County, New York, for a total price of $68,384. Of the total price afore-mentioned, $15,000 was applicable to the land and $53,384 was applicable to the building. On June 30, 1942 said property (land and building) was encumbered by a mortgage in the amount of $17,500. On June 30, 1942 said property *283 (land and building) had an adjusted basis of $46,166.90. The holder of the aforesaid mortgage instituted an action to foreclose the mortgage and pursuant to a judgment and sale, the property was sold at a referee's sale on June 30, 1942, and the referee executed a deed conveying title to the purchaser at such sale. The purchaser was the Underwriter's Trust Co., as trustee for the benefit of the mortgagee. The property was repurchased by petitioner, Theresa Orens, in December 1943, from the Underwriter's Trust Co., as trustee for the benefit of the mortgagee, for the sum of $7,500 cash. By reason of such sale, petitioner, Theresa Orens, incurred a loss in the amount of $28,666.90, which was allowed as an ordinary loss in 1942. On March 1, 1937, petitioner, Theresa Orens, purchased the real property, consisting of land and building, known as 66 East Walnut Street, City of Long Beach, Nassau County, New York, for a total price of $7,500. Of the total price afore-mentioned $1,500 was applicable to the land and $6,000 was applicable to the building. On November 30, 1942 said property (land and building) had an adjusted basis of $6,637.50. On November 20, 1942 said property was *284 sold by petitioner, Theresa Orens, for the sum of $4,625. By reason of such sale, petitioner, Theresa Orens, incurred a loss of $2,012.50, which was allowed as an ordinary loss in 1942. Petitioners at all times, and specifically for the calendar years 1942, 1943 and 1944, filed their joint income tax returns on the cash basis and at no time filed their income tax returns on the accrual basis. For the calendar year 1942 petitioners had an excess of deductions over income amounting to $24,987.59. For the calendar year 1943 petitioners had an excess of income over deductions amounting to $12,749.97, exclusive of any net operating loss deduction. At all times during the years 1927 to and including the date of hearing and specifically during the years 1942 and 1943, petitioner, Theresa Orens, was engaged, exclusively, in the business of operating a boarding house. The two properties mentioned above, namely, the properties known as 80 East Walnut Street and 66 East Walnut Street, were used by petitioners solely and at all times in the operation of the business of conducting a boarding house and for no other purpose. In so far as the calendar year 1944 is concerned, the same *285 facts as set out above were present, that for the calendar year 1944 petitioners had an excess of income over deductions amounting to $15,922.20, exclusive of any net operating loss deduction. Opinion VAN FOSSAN, Judge: Petitioners' counsel frankly concedes that the respondent correctly disallowed the deduction claimed for net operating loss if our decision in , affirmed , and other cases of similar purport, are to be followed. It is his contention that those cases were wrongly decided. All of the arguments advanced by petitioners in their brief have been fully considered by this Court and rejected in previous cases. We adhere to those rulings. The losses on the sale of property were not incurred in connection with a trade or business regularly carried on by petitioners. We accordingly affirm the Commissioner's action. ; , affirmed ; , affirming ; , affirming Memorandum Opinion *286 of this Court. Decisions will be entered under Rule 50.