OPINION. Van Fossan, Judge: Originally petitioner claimed that the loss sustained by him on the sale of the corporate property was a business loss and, as such, came under the provisions of section 122 (b) (1) of the Internal Revenue Code as an operating loss. In view of the holding of this Court in Joseph Sic, 10 T. C. 1096; affd., 177 Fed. (2d) 469, and other similar cases, that a loss incurred in an isolated transaction of sale, such as that here involved, was not an operating loss under section 122 (b) (1), he abandoned that position and now contends that he is entitled to carry forward in 1944 a loss incurred in 1943 due to the worthlessness of the corporate stock, under favor of section 117-(e). and section 23 (g) of the code. Thus the single question posed for decision is, Are. the petitioners entitled to a capital loss carry-over to 1944 ? The respondent’s sole contention is that the provisions of section 117 (e) are inapplicable because the contract between Allan Bond and the corporation resulted in denying to the corporation any recognition as an entity for tax purposes. As a consequence, our consideration is limited to the inquiry, Should the corporation be recognized as a separate entity? Says the respondent, the “Corporation was nothing more than the ‘alter ego’ of Allan Bond” and we “must look to actualities and must treat substance as prevailing over form,” citing Griffiths v. Commissioner, 308 U. S. 355. Petitioner accepts this challenge and points to the facts of record to sustain his argument that the corporate entity may not here be disregarded. He calls to attention that petitioner was a bona fide owner of the stock, having a cost basis in excess of $191,000; that, when the corporation was stripped of all its assets, the stock became worthless and petitioner suffered a loss; that there is no basis in law or in the facts here present to disregard the corporate entity; and that only in exceptional circumstances will a corporate entity be disregarded. Dalton v. Bowers, 287 U. S. 404; Burnet v. Clark, 287 U. S. 410; Burnet v. Commonwealth Improvement Co., 287 U. S. 415; New Colonial Ice Co. v. Helvering, 292 U. S. 435. Petitioner quotes Moline Properties, Inc. v. Commissioner, 319 U. S. 436, in which it is said: * * * In general, in matters relating to the revenue, the corporate form may be disregarded where it is a sham or unreal. In such situations the form is a bald and mischievous fiction. Looking to the record, it is to us abundantly clear that the corporation should not be characterized a sham or unreal, nor should it be described as a bald and mischievous fiction. The corporation was formed in 1926 for the purpose of acquiring title to two pieces of property. It received deed to those properties and thereafter, until 1943, held the title as actual owner thereof. It filed its income tax returns for every year; borrowed money; erected a 16-story building and executed a mortgage incident thereto; hired a commercial managing agent who managed the building; leased office space in the property; and, in 1943, contracted to sell the property, later executing and delivering to the purchasers a deed to the property. The above characterizing facts do not stamp the corporation as petitioner’s alter ego. In fact, the very letter of the Deputy Commissioner recognized the separate entity of the corporation and stipulated that the same should be maintained when he stated that “only the net gain or loss resulting from the operation of the corporation’s business under the terms of the contract should be shown in the taxpayer’s individual return. The corporation is required to file a return in which the items of its income and expenditures should be properly reported * * Looking at the whole record and after carefully analyzing the facts in the several cases cited by respondent and petitioner, we have come to the conclusion that the corporate entity may not here be disregarded and that petitioner was entitled to carry over to 1944 the capital loss sustained when the stock of the corporation became worthless. National Carbide Corporation v. Commissioner, 336 U. S. 422. Decision will be entered wider Rule 50.