JUAN A. FARÍA LUGO, Plaintiff and Appellee, *v.* SECRETARY OF THE TREASURY OF PUERTO RICO, Defendant and Appellant.

No. R-70-332.     Decided March 3, 1972.

*Gilberto Gierbolini, Solicitor General,* and *Dolores Ruiz Zambrana, Federico Rodríguez Gelpí, Assistant Solicitors General,* for appellant. *Rodríguez Ema, Rodríguez Ramón, Benítez Gautier & Sequeira, D. Padín Mimoso,* and *A. Emanuelli Belaval* for appellee.

Mr. Justice Torres Rigual delivered the opinion of the Court.

■ Section 130 of the Income Tax Act, 13 L.P.R.A. § 3130, limits the deductions that an individual can make on his income on account of losses in a trade or business under certain circumstances. Said section is aimed to prevent an individual from obtaining taxable profits if the deductions attributable to a trade or business carried on by him exceed by $10,000 annually the gross income derived with respect to such trade or business during five consecutive years.

In such cases the Secretary of the Treasury will recompute the net income of the taxpayer for each of the five years for the purpose of reducing the deduction attributable to the trade or business to $10,000 in each year.[1]

In the case at bar the controversy is whether or not, under the aforementioned § 130, the capital gains derived from the sale of two properties pertaining to the appellee Juan A. Faría Lugo can be considered income derived from his business of agriculture. If it is decided in the affirmative, as was done by the trial court, the Secretary of the Treasury would not have power to make the recomputation that brought about the tax deficiency of $14,727.90 challenged by Faría Lugo. The pertinent facts to the question are the following:

The appellee, Juan A. Faría Lugo is a practicing attorney and agriculturist. In his income tax returns for the years

---

[1] Section 130 provides insofar as pertinent:

"Limitation on Deductions Allowable to Individuals in Certain Cases

"(a) Recomputation of Net Income.—If the deductions, other than taxes and interest, allowable to an individual, except for the provisions of this section, and attributable to a trade or business carried on by him for 5 consecutive taxable years have, in each of such years, exceeded by more than $10,000 the gross income derived from such trade or business, the net income of such individual for each of such years shall be recomputed. For the purpose of such recomputation in the case of any such taxable year, such deductions shall be allowed only to the extent of $10,000 plus the gross income attributable to such trade or business, except that the net operating loss deduction, to the extent attributable to such trade or business, shall not be allowed."

1957 to 1961 he reported losses amounting to $312,647.[2] Said losses are broken down as follows:

| Year | Loss |
|------|------|
| (1) 1957 | $60,971.65 |
| (2) 1958 | 43,211.29 |
| (3) 1959 | 44,851.47 |
| (4) 1960 | 77,485.67 |
| (5) 1961 | 46,044.66 |

In the income tax return for the year 1960, Faría Lugo reported, besides, an entry of $68,329.78 as income in the form of capital gains, resulting from the instalment sale of two properties located in Bayamón.[3] The total gain of such sales was $297,819.10, but he reported only 25 percent of same availing himself of the provisions in force at that time in regard to capital gains.

The Secretary of the Treasury determined that the mentioned gain derived from the sale of the two properties was not attributable to his agricultural business and eliminated it from the income attributable to said business. Such determination showed an operating loss in said business for five consecutive years in excess of $10,000. Consequently, the Secretary applied the provisions of the mentioned § 130 of the Income Tax Act, recomputing the net income stated by Faría Lugo for each one of the said five years. The recomputation brought forth a tax deficiency of $14,727.90.

■ Faría Lugo's contention, accepted by the trial court, is to the effect that the capital gains in the sale of the two properties constitute income derived from his agricultural business. In considering it as such, he argues, the claim of

---

[2] It arises from the testimony of Faría Lugo himself that since he started his agricultural business in 1947 he has not had any gains. (Tr. Ev. p. 18.)

[3] One of the properties was sold in the year 1955 and the other in 1960.

five years of losses in such business would be interrupted in 1960 for which reason the cited § 130 is not applicable.

We do not agree. The sale of the properties in question were transactions outside the business of farming. By no means can it be considered that the income produced by such sales were *derived* from the agricultural business. *Cf. Lazier* v. *United States,* 170 F.2d 521 (1948); *Sic* v. *Commissioner of Internal Revenue,* 10 T.C. 1096.

In *Lazier* v. *United States, supra,* the Court of Appeals for the Eighth Circuit held that the loss sustained by a taxpayer on the sale of a farm was not attributable to his agricultural business, and, that therefore, said loss could not be carried back to the preceding taxable years. This decision was rendered null and void when § 122 of the former law was modified by the Federal Code of Internal Revenue of 1954.[4] See § 172(d)(4)(A), 26 U.S.C.A. § 172(d)(4)(A), *New York University Institute of Federal Taxation,* 1956, p. 1472, Magill & Kosmian, *The Internal Revenue Code of 1954: Income, Deductions, Gains and Losses,* 68 Harv. L. Rev. 214. Our Income Tax Act has not been amended in this respect, the text of § 122, 13 L.P.R.A. § 3122, being similar to that of § 122 of the Federal Internal Revenue Code of 1939 under which the *Lazier* and *Sic* cases, *supra,* were decided. That is why we think that the decisions in said cases are useful.

Appellee points out that the trial court expressly refused to apply to the case at bar the reasoning in *Lazier* and *Sic, supra,* on the ground that "the problem analyzed there and the language used therein has as a juridical context, not the equivalent section of the Federal Code to our § 130, *supra,* but, . . . § 122(d)(5) of the Federal Code, similar to our § 122(d)(4)."

---

[4] The new language of § 172(d)(4)(A) of the United States Internal Revenue Code of 1954, *supra,* permits to take into consideration the losses sustained in the sale of real estate in computing the net operating loss of a business.

■ Such reasoning is not correct. Section 122 covers the net operating loss deduction in a trade or business and its carry-over and carry-back, defining "net operating loss" as the excess of the deductions allowed over the gross income. Section 130 covers the limitation on deductions allowed in excess of the gross income derived from a trade or business. Both cover, then, different aspects of similar concepts. So much so that the *Reglamento Relativo a la Aplicación de la Ley de Contribución Sobre Ingresos*\* itself interrelates both sections in providing at p. 541 that "The limitations on deductions provided by § 130 are applicable in determining under § 122 the amount of any net operating loss carry-over or carry-back from any year which falls within the provisions of § 130 to any year which does not fall within such provisions."

The item of $68,329.78 having been excluded from the gross income of the agricultural business reported by appellee because the same was not derived from such business, the deductions allowed exceeded by more than $10,000 the gross income for the taxable year 1960. It being so, the recomputation of the net income of Faría Lugo for every one of the five years in question lied, just as it was done by the Secretary of the Treasury, then there appearing a deficiency of $14,727.90.

*McDonald* v. *Commissioner of Internal Revenue*, 214 F.2d 341, cited by appellee in his brief, is not applicable. The same refers to the treatment of the product of the sale of cattle by the owner of a dairy and breeding cattle business as capital gain instead of ordinary income. Whether or not the income produced by the sale of cattle was derived from the cattle business was not in controversy in said case.

The judgment appealed from will be reversed.

---

\* Regulations Concerning the Application of the Income Tax Act.

Mr. Chief Justice Negrón Fernández as well as Mr. Justice Hernández Matos took no part in the decision of this case.