Juan A. Faría Lugo, demandante y recurrido, v. Secretario de Hacienda de Puerto Rico, demandado y recurrente.

Número: R-70-332          Resuelto: 3 de marzo de 1972

Gilberto Gierbolini, Procurador General, y Dolores Ruiz de Zambrana, Federico Rodríguez Gelpí, Procuradores Generales Auxiliares, abogados del recurrente; Rodríguez Ema, Rodríguez Ramón, Benítez Gautier & Sequiera, D. Padín Mimoso y A. Emanuelli Belaval, abogados del recurrido.

El Juez Asociado Señor Torres Rigual emitió la opinión del Tribunal.

■ La Sec. 130 de la Ley de Contribuciones Sobre Ingresos, 13 L.P.R.A. sec. 3130, limita las deducciones que un

individuo puede hacer a sus ingresos por pérdidas en una industria o negocio bajo ciertas circunstancias. Dicha sección está encaminada a evitar que un individuo obtenga beneficios contributivos si las deducciones atribuibles a una industria o negocio explotado por él exceden en $10,000 anuales el ingreso bruto derivado con respecto a dicha industria o negocio durante cinco años consecutivos.

En tales casos el Secretario de Hacienda recomputará el ingreso neto del contribuyente para cada uno de los cincos años a fin de reducir las deducciones atribuibles a la industria o negocio a $10,000 en cada año. ([1]).

En el caso de autos la controversia consiste en si bajo la mencionada Sec. 130, las ganancias de capital derivadas de la venta de dos fincas pertenecientes al recurrido Juan A. Faría Lugo pueden considerarse o no ingresos derivados de su negocio de agricultura. De resolverse en la afirmativa como lo hizo el tribunal de instancia, el Secretario de Hacienda no tendría facultad para hacer el recómputo que produjo la deficiencia contributiva de $14,727.90 impugnada por Faría Lugo. Los hechos pertinentes a la cuestión son los siguientes:

El recurrido Juan A. Faría Lugo es abogado en ejercicio y agricultor. En sus planillas de contribución sobre ingresos

---

[1] En lo pertinente la Sec. 130 dispone:

"Limitación en Ciertos Casos Sobre Deducciones Admisibles a Individuos

(a) Nueva Computación del Ingreso Neto.—Si las deducciones, que no sean contribuciones e intereses, admisibles a un individuo, a no ser por las disposiciones de esta sección y atribuibles a una industria o negocio explotado por él durante 5 años contributivos consecutivos, hubieren excedido en cada uno de dichos años en más de $10,000 el ingreso bruto derivado de dicha industria o negocio, el ingreso neto de dicho individuo para cada uno de dichos años será computado de nuevo. Para los fines de dicha nueva computación en el caso de cualquiera de dichos años contributivos, dichas deducciones serán admitidas solamente hasta el monto de $10,000 más el ingreso bruto atribuible a dicha industria o negocio, excepto que la deducción por pérdida neta en operaciones hasta el monto atribuible a dicha industria o negocio, no será admitida."

para los años 1957 al 1961 informó pérdidas montantes a $312,647.([2]) Dichas pérdidas se descomponen como sigue:

| Año | Pérdida |
|---|---|
| (1) 1957 | $60,971.65 |
| (2) 1958 | 43,211.29 |
| (3) 1959 | 44,851.47 |
| (4) 1960 | 77,485.67 |
| (5) 1961 | 46,044.66 |

En la planilla de contribución sobre ingresos para el año 1960, Faría Lugo informó, además, una partida de $68,329.78 como ingreso en forma de ganancia de capital, producto de la venta a plazos de dos fincas ubicadas en Bayamón.([3]) La ganancia total de dichas ventas fue de $297,819.10, pero informó sólo el 25 por ciento de ella acogiéndose a las disposiciones vigentes en esa fecha sobre ganancias de capital.

El Secretario de Hacienda determinó que la mencionada ganancia derivada de la venta de las dos fincas no era atribuible a su negocio de agricultura y la eliminó del ingreso atribuible a dicho negocio. Tal determinación reflejó una pérdida de operaciones en dicho negocio por cinco años consecutivos en exceso de $10,000. En consecuencia, el Secretario aplicó las disposiciones de la mencionada Sec. 130 de la Ley de Contribución Sobre Ingresos, recomputando el ingreso neto declarado por Faría Lugo para cada uno de dichos cinco años. El recómputo arrojó una deficiencia contributiva de $14,727.90.

■ La contención de Faría Lugo, aceptada por el tribunal de instancia, es al efecto de que la ganancia de capital en la venta de las dos fincas constituyen ingreso derivado de su negocio de agricultura. Al considerarse como tal, arguye, se interrumpiría en el año 1960 la cadena de cinco años de pérdi-

---

([2])Surge del testimonio del propio Faría Lugo que desde que inició su negocio de agricultura en el 1947 no ha tenido ganancia alguna. (T.E. pág. 18).

([3])Una de las fincas fue vendida en el año 1955 y la otra en el 1960.

das en dicho negocio, por lo que no es de aplicación la citada Sec. 130.

No estamos de acuerdo. La venta de las fincas en cuestión fueron transacciones ajenas al negocio de agricultura. En forma alguna puede considerarse que los ingresos generados por dichas ventas fueron *derivados* del negocio de agricultura. *Cf. Lazier* v. *United States*, 170 F.2d 521 (1948); *Sic.* v. *Commissioner of Internal Revenue*, 10 T.C. 1096.

En *Lazier* v. *United States*, supra, la Corte de Apelaciones para el Octavo Circuito resolvió que las pérdidas sufridas por un contribuyente en la venta de una finca no era atribuible a su negocio de agricultura, y, que por lo tanto, no podía dicha pérdida retrotraerse a los años contributivos precedentes. Esta decisión quedó sin efecto al modificarse la Sec. 122 de la ley anterior por el Código Federal de Rentas Internas de 1954.(⁴) Véase Sec. 172 (d) (4) (A), 26 U.S.C.A. sec. 172 (d) (4) (A); *New York University Institute of Federal Taxation*, 1956, pág. 1472; Magill & Kosmian, *The Internal Revenue Code of 1954, Income, Deductions Gains And Losses*, 68 Harv. L. Rev. 214. Nuestra Ley de Contribuciones Sobre Ingresos no ha sido enmendada a este respecto, siendo el texto de la Sec. 122, 13 L.P.R.A. sec. 3122, similar al de la Sec. 122 del Código Federal de Rentas Internas de 1939 bajo el cual se decidió el caso de *Lazier* y de *Sic.*, supra. Es por eso que nos parece útil lo resuelto en dichos casos.

El recurrido nos señala que el tribunal de instancia expresamente rechazó aplicar al caso de autos el razonamiento de *Lazier* y *Sic.*, supra, basándose en que "el problema que allí se analiza y el lenguaje que en los mismos se utiliza tiene como contexto jurídico, no la Sección equivalente del Código Federal a nuestra Sección 130, supra, sino, . . . la sección

---

(⁴)La nueva redacción de la sección 172 (d) (4) (A) del Código de Rentas Internas de los Estados Unidos de 1954, *supra*, permite tomar en consideración las pérdidas sufridas en la venta de bienes raíces al computar la pérdida neta de operación de un negocio.

122 (d) (5) del Código Federal, parecida a la nuestra 122 (d) (4)."

■ Tal razonamiento no es correcto. La Sec. 122 cubre la deducción por pérdida neta de operaciones en una industria o negocio y su arrastre o retrotracción, definiendo "pérdida neta en operaciones" como el exceso de las deducciones admitidas sobre el ingreso bruto. La Sec. 130 cubre la limitación a las deducciones admisibles en exceso del ingreso bruto derivado de una industria o negocio. Ambas cubren, pues, diferentes aspectos de conceptos similares. Tan es así que el propio Reglamento Relativo a la Aplicación de la Ley de Contribución Sobre Ingresos interrelaciona ambas secciones al preceptuar a la pág. 541 que "Las limitaciones sobre las deducciones provistas por la sección 130 son aplicables al determinar bajo la sección 122 el monto de cualquier arrastre o retrotracción por pérdida neta de operación desde cualquier año cubierto por la disposición de la sección 130 hasta cualquier año no cubierto por dichas disposiciones."

Excluida la partida de $68,329.78 del ingreso bruto del negocio de agricultura declarado por el recurrido por no haber sido la misma derivada de dicho negocio, las deducciones permitidas excedieron por más de $10,000 el ingreso bruto para el año contributivo 1960. Siendo ello así, procedía el recómputo del ingreso neto de Faría Lugo por cada uno de los cinco años en cuestión, tal y como lo hizo el Secretario de Hacienda, surgiendo entonces una deficiencia de $14,727.90.

*McDonald* v. *Commissioner of Internal Revenue*, 214 F.2d 341, citado por el recurrido en su alegato, no es de aplicación. El mismo se refiere al tratamiento del producto de la venta de ganado por el dueño de una vaquería y ganadería como ganancia de capital en lugar de ingreso ordinario. No estaba en controversia en dicho caso si el ingreso producido por la venta del ganado era o no derivado del negocio de ganadería.

*Se revocará la sentencia recurrida.*

El Juez Presidente, Señor Negrón Fernández, no intervino, así como tampoco el Juez Asociado Señor Hernández Matos.

